## 30282. GREAT AMERICAN INDEMNITY COMPANY v. TREADWELL.

DECIDED NOVEMBER 24, 1943.

*R. O. Jackson, T. J. Long,* for plaintiff in error.

*Thomas J. Brown Jr., Ernest M. Smith, Fraser & Irwin,* contra.

FELTON, J. ■ This case arose out of the same state of facts as are involved in *Great American Indemnity Co.* v. *Oxford, supra.* This action was brought by another passenger of the automobile which overturned. The exception here is to the overruling of the company's motion for new trial. The assignments of error contained in grounds six and seven of the motion were ruled on in the *Oxford* case, supra, and need not be repeated here. The rulings there made control the questions raised in this case by the above grounds. The assignments of error are without merit.

■ The second headnote requires no discussion.

■ Counsel for the defendant moved for a mistrial, or for the jury to be instructed and counsel reprimanded in the presence of the jury, on the ground that counsel for the plaintiff stated to the jury that the defendant insurance company had collected Mr. Suddath's premium and issued its policy to protect him against claims of this sort; that the defendant should have paid the claim without litigation; and that the plaintiff should not have had to hire a lawyer in order to collect the claim. The court overruled the alternative motion, and this ruling is assigned as error. Assuming that such an alternative motion and the overruling of it raises a question for consideration, we do not think the argument was harmful or prejudicial. The action was against the insurance company, and the record showed the payment of a premium. The statement meant no more than that the attorney's inference from the evidence was that the company was liable, and that its witnesses should not be believed in preference to those of the plaintiff. It amounted

to no more than a statement that the carrier was negligent, and that the insurance company was liable therefor under the policy sued on. Moreover, after the judge overruled the motion, counsel for the plaintiff made the following statement to the jury: "I have nothing to take back when I say that this is a frivolous defense, and that there is no evidence to support it; but I tell you that it is your prerogative to find for the defendant if you believe that there was no negligence proven in this case on the part of the negro driver of the truck."

The court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*